FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 15, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JULIO R.,<br><br>        Plaintiff,<br><br>        v.<br><br>ANDREW M. SAUL,<br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>        Defendant. | No. 1:20-CV-03008-JTR<br><br>ORDER GRANTING IN PART<br>PLAINTIFF'S MOTION FOR<br>SUMMARY JUDGMENT AND<br>REMANDING FOR ADDITIONAL<br>PROCEEDINGS |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 13, 14. Attorney Kathryn Higgs represents Julio R. (Plaintiff); Special Assistant United States Attorney Jeffrey Staples represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 8. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS IN PART** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

**JURISDICTION**

Plaintiff filed an application for Supplemental Security Income on January 9, 2014, alleging disability since December 1, 2012, due to anxiety disorder, arthritis and other arthropathies, obesity, high blood pressure, bulged disc, spinal fractures, depression, and allergies. Tr. 83-84. The application was denied initially and upon reconsideration. Tr. 125-28, 134-40. Administrative Law Judge (ALJ) Richard Geib held a hearing on October 10, 2018, Tr. 58-82, and issued an unfavorable decision on January 3, 2019. Tr. 23-39. Plaintiff requested review of the ALJ's decision by the Appeals Council. Tr. 194-95, 325-34. The Appeals Council denied the request for review on November 25, 2019. Tr. 1-5. The ALJ's January 2019 decision is the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on January 14, 2020. ECF No. 1.

**STATEMENT OF FACTS**

Plaintiff was born in 1989 and was 24 years old when he filed his application. Tr. 37. He did not complete high school and has not obtained his GED. Tr. 72. He has a minimal work history, having worked as a cashier at Walmart and at a fiberglass supply store. Tr. 215, 551, 976. He has alleged an inability to work based on back pain with sciatica and severe social anxiety with depression. Tr. 71-72.

**STANDARD OF REVIEW**

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is

defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(v). ///

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 3

## ADMINISTRATIVE FINDINGS

On January 3, 2019, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 23-39.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the application date. Tr. 25.

At step two, the ALJ determined Plaintiff had the following severe impairments: obesity, a lumbar spine condition, a left knee condition, an anxiety disorder, and an affective disorder. *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 26.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found he could perform a range of light work, with the following limitations:

> can stand and walk 3 (three) hours in an 8-hour day and can sit 6 (six) hours in an eight-hour day and can occasionally climb ramps and stairs and never climb ladders, ropes or scaffolds and can occasionally stoop, kneel, crouch and never crawl; and can occasionally reach overhead bilaterally; and avoid concentrated exposure to extreme heat and vibration, and avoid even moderate exposure to work hazards. The claimant can perform simple routine tasks involving only occasional changes in work routine and setting and can perform work involving no contact with the general public and only occasional contact with co-workers. The claimant can perform work requiring a reasoning level of 1 or 2.

Tr. 28.

At step four, the ALJ made no findings with respect to Plaintiff's past relevant work. Tr. 37.

At step five the ALJ found that, considering Plaintiff's age, education, work experience and residual functional capacity, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform,

specifically identifying the representative occupations of office helper, routing clerk, and hand packager. Tr. 37-38.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the date the application was filed through the date of the decision. Tr. 38-39.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the Commissioner erred by (1) improperly rejecting Plaintiff's subjective symptom testimony; (2) improperly rejecting the medical opinion evidence; and (3) improperly determining Plaintiff's residual functional capacity.

## DISCUSSION

### 1.    Plaintiff's subjective statements

Plaintiff contends the ALJ erred by improperly rejecting his subjective complaints. ECF No. 13 at 5-10.

It is the province of the ALJ to make determinations regarding a claimant's subjective statements. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify

what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 29. The ALJ found the objective findings were inconsistent with Plaintiff's subjective complaints, noting unremarkable exams and no evidence of hospitalizations or inpatient treatment, and that there were indications of improvement with treatment. Tr. 29-33.

Plaintiff argues the ALJ's rationale was insufficient and misinterpreted the record, omitting supportive objective evidence and selectively finding improvement that was not sustained. ECF No. 13 at 7-10. Defendant argues the ALJ reasonably interpreted the record as contradicting Plaintiff's subjective complaints, and pointed to sufficient records to demonstrate relief in symptoms with treatment. ECF No. 14 at 3-4.

The Court finds the ALJ failed to offer clear and convincing reasons for disregarding Plaintiff's subjective complaints. An ALJ may cite inconsistencies between a claimant's testimony and the objective medical evidence in discounting the claimant's symptom statements. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009). But this cannot be the only reason provided by the ALJ. *See Lester*, 81 F.3d at 834 (the ALJ may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence). "[A]n ALJ does not provide specific, clear, and convincing reasons for rejecting a claimant's testimony by simply reciting the medical evidence in support of his or her residual functional capacity determination." *Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015). The ALJ's summary

of Plaintiff's treatment over the years does not on its own constitute a clear and convincing basis to discount his allegations of disabling pain and other symptoms. Furthermore, as discussed below, the ALJ mischaracterized portions of the record, particularly with respect to objective findings regarding Plaintiff's mental impairments.

To the extent the ALJ found Plaintiff's conditions improved, the Court finds this conclusion is not supported by substantial evidence. While Plaintiff reported some relief in his back pain with Gabapentin (Tr. 500), it was not sustained, and he reported worsening pain over the years. Tr. 494, 945, 94, 958. Plaintiff consistently reported substantial limitations in his ability to be on his feet or engage in any sustained physical activity. Tr. 387, 403, 630-31. Plaintiff's depression was largely controlled by medication, but he continued to experience episodes of major depression at times. Tr. 349, 368, 554, 610, 705, 865, 980. His primary problem throughout the record continued to be his social anxiety. Tr. 661, 808, 865, 877, 896. At times he reported some easing of his symptoms, but it was never sustained, and he continued to present with significant symptoms of anxiety, including agoraphobia and isolation. Tr. 392, 474, 485, 554-56, 617, 625, 645-48, 684 710-11, 746, 806, 813, 816, 846, 852, 976.[1]

The Ninth Circuit has taken issue with ALJs citing selective evidence of improvement:

_____

[1] To the extent that the ALJ noted Plaintiff's conditions were exacerbated by family conflicts, the Court finds the ALJ did not clearly relate this factor to his assessment of Plaintiff's reliability. Tr. 32. The record reflects Plaintiff's mental health impairments are long-standing and not simply a response to situational stressors. The Court also notes Defendant did not defend this factor in his discussion of the ALJ's rationale. ECF No. 14 at 2-4.

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 7

> it is error to reject a claimant's testimony merely because symptoms wax and wane in the course of treatment. Cycles of improvement and debilitating symptoms are a common occurrence, and in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working.

*Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014). The record as a whole does not support the ALJ's finding of improvement in Plaintiff's conditions. On remand, the ALJ will reconsider Plaintiff's subjective complaints.

**2.    Medical opinions**

Plaintiff argues the ALJ erred in evaluating the medical opinion evidence. ECF No. 13 at 10-15. He argues the mental opinion evidence is largely consistent, and the ALJ's characterization of the various opinions as unsupported by the record is not supported by substantial evidence. *Id.* He asserts the ALJ failed to give sufficient reasons for disregarding numerous opinions. *Id.*

When a treating or examining physician's opinion is contradicted by another physician, the ALJ must offer "specific and legitimate" reasons to reject the opinion. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995); *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

*a.    Dr. McCabe*

Plaintiff underwent two psychological assessments with Dr. Daniel McCabe, one in 2013 and one in 2017. Tr. 550-53, 554-56. In 2013 Dr. McCabe opined Plaintiff had no more than moderate limitations in work-related functions. Tr. 552. In 2017 Dr. McCabe found Plaintiff now had marked impairment in the ability to ask simple questions or request assistance and set realistic goals and plan independently, and was severely impaired in adapting to changes in a routine work

setting, communicating and performing effectively, maintaining appropriate behavior, and completing a normal work week without interruptions from psychologically based symptoms. Tr. 555-56.

The ALJ gave the 2013 opinion some weight, finding moderate limitations were consistent with the record and Dr. McCabe's own exam. Tr. 33. The ALJ gave little weight to the 2017 opinion, finding it did not accord with the absence of psychiatric hospitalizations and the unremarkable mental status examinations, including Dr. McCabe's. Tr. 33-34.

An ALJ may consider an opinion's overall consistency with the record as a whole, 20 C.F.R. § 416.927(c)(4), but the ALJ must consider the entire record, and not just the portions that support the conclusion. The Court finds the ALJ's assessment of the record as containing mostly unremarkable mental status examinations is not supported by substantial evidence. Though he was generally noted to be cooperative and his attention and memory were largely intact, Plaintiff regularly presented with depressed or anxious mood and affect, along with other abnormal findings on mental status exams. Tr. 348-49, 370, 393, 481, 483, 556, 607, 610, 618, 626, 632, 638, 668, 674, 676, 705, 723, 725, 737, 743, 806, 807, 808, 813, 817, 846, 853-54, 859, 865, 871, 878, 884, 969. Dr. McCabe noted Plaintiff's attitude and behavior were very nervous and he seemed very anxious being at the exam, and his affect was constricted, consistent with his reportedly anxious mood. Tr. 554, 556. The ALJ's selective citation of some occasional normal exam findings is not representative of the record as a whole. The fact that Plaintiff's condition never progressed to the point of requiring psychiatric hospitalization does not negate the examining doctor's opinion regarding Plaintiff's ability to function in a competitive work environment.

The ALJ's finding that Dr. McCabe's 2017 opinion did not accord with the record is not supported by substantial evidence. On remand, the ALJ will reconsider Dr. McCabe's opinion along with the record as a whole.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

b.    *Dr. Metoyer*

In July 2017 Plaintiff was examined by Dr. Patrick Metoyer. Tr. 346-50. He diagnosed Plaintiff with PTSD, unspecified depressive disorder, panic disorder, and agoraphobia. Tr. 349. He opined Plaintiff had generally intact ability to reason and understand, but had significant impairment in interpersonal interactions as a result of anxiety, mood, and PTSD symptoms. Tr. 350. He found Plaintiff's ability to deal with usual stress was markedly impaired if it involved interacting with other people, organization, and task pressure. Tr. 350.

The ALJ gave Dr. Metoyer's opinion great weight except for the final portion concerning marked limitations in interactivity. Tr. 35. He found the restrictions were not consistent with mental status exams demonstrating Plaintiff being cooperative, and found that the limits did not square with Plaintiff's ability to shop in stores for groceries and attend therapy appointments over the years. *Id.*

Plaintiff argues none of the facts the ALJ identified conflict with Dr. Metoyer's opinion or indicate an ability to engage in full-time work. ECF No. 13 at 13. Defendant argues the ALJ reasonably interpreted the record and Plaintiff is simply offering an alternative interpretation of the evidence. ECF No. 14 at 6-7.

The Court finds the ALJ's rational is not supported by substantial evidence. A claimant's ability to engage appropriately with medical providers and attend therapy are not equivalent to sustaining appropriate interactions in a competitive workplace. Furthermore, the evidence indicate Plaintiff had difficulty attending therapy at times due to his anxiety. Tr. 723, 725. While he was occasionally able to force himself to go to the grocery store as part of his exposure therapy in attempting to treat his agoraphobia, he was not always successful in completing such outings and remained largely isolated in his home, only leaving a few times per week. Tr. 474, 551, 554, 806, 813, 846, 877, 895. At the hearing he testified to only leaving his home one or two times per week to attend appointments or

accompany his mother on errands or go to his grandmother's house on a good day. Tr. 65-69.

On remand, the ALJ will reconsider Dr. Metoyer's opinion in connection with the record as a whole.

### c.    Dr. Bothamley

Plaintiff's primary care provider, Dr. William Bothamley, completed physical functional evaluation forms for DSHS in 2013, 2015, and 2017, stating Plaintiff had mild to marked impairment in various areas of functioning, and limiting him to sedentary work. Tr. 535-37, 540-42, 545-47.

The ALJ assigned little weigh to these opinions, finding they did not square with the overall medical evidence. Tr. 34. Plaintiff argues the opinions are consistent with other opinions regarding Plaintiff's physical limitations, including the state agency assessments finding him limited to sedentary work. ECF No. 13 at 14. Defendant argues the ALJ reasonably pointed to objective evidence showing full strength and normal muscle tone, and that the RFC assessment was consistent with the consultative exam performed by Dr. Drenguis. ECF No. 14 at 8.

The Court finds the ALJ reasonably considered the objective medical evidence in evaluating Dr. Bothamley's opinions, including physical exam results demonstrating no strength, sensory, or reflex deficits. Tr. 34. However, as this claim is being remanded on other bases, the ALJ shall reconsider the record as a whole, including any additional evidence submitted by Plaintiff.

### d.    Other evidence

Plaintiff makes various other assertions regarding the evidence, arguing the record supports assessing greater mental and physical limitations. ECF No. 13 at 11-21. On remand, the ALJ shall reconsider all opinion evidence in reformulating the RFC.

///

///

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CONCLUSION**

Plaintiff argues the decision should be reversed and remanded for the payment of benefits. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further development is necessary for a proper determination.

The ALJ's decision is not supported by substantial evidence. On remand, the ALJ shall reevaluate the medical evidence and Plaintiff's subjective complaints, making findings on each of the five steps of the sequential evaluation process, obtain supplemental testimony from a vocational expert as needed, and take into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

Accordingly, **IT IS ORDERED:**

1.      Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **GRANTED IN PART**.

2.      Defendant's Motion for Summary Judgment, **ECF No. 14**, is **DENIED**.

3.      The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

///
///
///
///
///
///

4.      An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED January 15, 2021.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE